**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| KAI WANG,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA et al.,<br><br>Respondents. | Case No. 5:26-cv-04711-DFM<br><br>ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Kai Wang filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his August 18, 2026 re-detention by U.S. Immigration and Customs Enforcement ("ICE"). See Dkt. 1 ("Petition"). Respondents did not appear or respond by the Court-set deadline. See Dkt. 5. That default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

## II. BACKGROUND

Petitioner, a citizen of the People's Republic of China, was apprehended upon entering the United States on or about July 24, 2024, served with a Notice to Appear, and released days later without bond with instructions to report to ICE. See Petition ¶¶ 14, 24-25; Dkt. 1-4 ("Wang Aff.") ¶¶ 2-3. Over

the next two years he applied for asylum and related protection, worked lawfully on an employment authorization, and appeared at every Immigration Court hearing; his individual hearing is set for March 9, 2028, and he has no criminal convictions. See Petition ¶ 26; Wang Aff. ¶¶ 4-5. On August 18, 2026, Petitioner reported as directed to the ICE office in Los Angeles, was arrested without notice, and was transported to the Adelanto ICE Processing Center. See Petition ¶ 27; Wang Aff. ¶¶ 6-7. The record discloses no reason for the re-arrest and no process afforded Petitioner before or since. Petitioner claims the re-detention violates the Fifth Amendment's Due Process Clause and seeks release, an injunction against re-arrest absent a hearing, and fees. See Petition ¶¶ 64-74.

## III. DISCUSSION

No administratively final removal order has issued, so Petitioner's detention is governed by 8 U.S.C. §§ 1225 and 1226, not § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). The record discloses neither the provision Respondents invoke nor the instrument of the July 2024 release, but the analysis below turns on neither. Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and not argued by the non-appearing Respondents.

The Due Process Clause protects a person's interest in conditional liberty once he has been released. In Morrissey v. Brewer, 408 U.S. 471, 482 (1972), the Supreme Court held that such liberty "is valuable and must be seen as within the protection of" the Due Process Clause, and that its termination "calls for some orderly process." A noncitizen released from immigration custody who remains at liberty and complies with the conditions of release acquires a protected interest in his continued release. Petitioner did exactly that for more than two years.

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention).

Each factor favors Petitioner. The private interest—freedom from confinement after two years of compliant liberty—is substantial. The risk of erroneous deprivation is high because Petitioner received no procedures at all: no notice, no opportunity to be heard, before or after his arrest. And no governmental interest appears: Respondents assert no danger, flight risk, violation of release conditions, or changed circumstances, and the uncontested facts point the other way. The re-detention violated procedural due process.

The unopposed remedy is release restoring the status quo ante—the conditions of Petitioner's prior release. That disposition affords complete relief, so the Court does not reach the substantive due process claim or the injunction request, and expresses no view on any future re-detention on a different record.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is GRANTED in part.

2. Respondents shall forthwith release Petitioner Kai Wang (A# 226-117-732) on the conditions of release in effect immediately before his August 18, 2026 re-detention.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. All other requests for relief are DENIED.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: August 31, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge